IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS BRADLEY DERRING, # 239125, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CARTER F. DAVENPORT, *et al.*, ) <br> ) <br> Respondents. ) | Civil Action No. 1:15cv438-WKW <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Thomas Bradley Derring ("Derring") on June 16, 2015.[2] Derring, who was 16 years old at the time of his offense, contends that the 99-year sentence imposed for his 2005 rape conviction in the Houston County Circuit Court is functionally equivalent to life without the possibility of parole, constitutes cruel and unusual punishment, and is unconstitutional under *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Id*. at 5. The respondents argue that Derring's petition is time-barred by the one-

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Citations to exhibits ("Resp't's Ex.") are to exhibits included with the respondents' answer and supplemental answer. Page references are to those assigned by CM/ECF.

[2] Although the petition was stamped as received in this court on June 19, 2015, it was signed by Derring on June 16, 2015. Doc. No. 1 at 15. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Derring] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

year federal limitation period applicable to § 2254 petitions. Doc. Nos. 12 & 15. The court agrees and finds the petition should be denied without an evidentiary hearing.

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. State Court Proceedings

On January 12, 2005, a Houston County jury found Derring guilty of first-degree rape, in violation of § 13A-6-61, Ala. Code 1975. On that same date, the trial court sentenced Derring to 99 years in prison. Derring appealed, and on January 27, 2006, the Alabama Court of Criminal Appeals affirmed his conviction and sentence. Resp't's Ex. C. Derring applied for rehearing, which was denied by the Alabama Court of Criminal Appeals on February 17, 2006. Resp't's Ex. D. He filed no petition for writ of certiorari with the Alabama Supreme Court. On March 8, 2006, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp't's Ex. E.

On March 7, 2007, Derring filed a petition with the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Resp't's Ex. L at 8. The trial court denied the Rule 32 petition on May 8, 2007. *Id.* at 1. Derring took no appeal from that decision.

On June 10, 2010, Derring filed a second Rule 32 petition with the trial court. Resp't's Ex. M at 1 and 6. That same day, the trial court summarily denied the petition. *Id*. at 1. Derring did not appeal.

On October 28, 2013, Derring filed a third Rule 32 petition with the trial court. Resp't's Ex. F. The trial court denied that petition on December 9, 2013. *Id.* at 21. Derring appealed, and on June 6, 2014, the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition. Resp't's Ex. I. Derring applied for rehearing, which was denied. He filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on April 17, 2015. A certificate of judgment was entered that same date. Resp't's Exs. J & K.

3

## C.  Application of 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  For purposes of federal habeas review, Derring's conviction became final on March 8, 2006, with the Alabama Court of Criminal Appeals' issuance of a certificate of judgment, as that marked the conclusion of direct review in Derring's case. *See Gonzalez v. Thaler*, 565 U.S. 134, 149–54 (2012); *Jones v. Albright*, 2010 WL 1929765, at *7 (S.D. Ala. Apr. 16, 2010).  The one-year limitation period for Derring to file a § 2254 petition thus commenced on March 8, 2006. 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, Derring had until March 8, 2007, to file a § 2254 petition considered timely.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009).  Derring filed his first state Rule 32 petition on March 7, 2007—before the federal limitation period expired.  Under § 2244(d)(2), that filing tolled the limitation period for filing a § 2254 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001).  When the Rule 32 petition was filed, the federal limitation period had run for 364 days, leaving Derring only one day within which to file a § 2254 petition once the federal habeas clock began to run again.  Because Derring did not appeal from the trial court's May 8, 2007, denial of the Rule 32 petition, the state-court

4

proceedings on that petition became final 42 days later, on June 19, 2007, as that was the time within which Derring had to appeal from the trial court's denial of the petition. *See* Ala.R.App.P. 4(b)(1). On that date, the federal limitation period began to run again; it expired the following day, on June 20, 2007. Derring filed his § 2254 petition with this court on June 16, 2105—almost eight years after the federal limitation expired.

Although Derring filed a second Rule 32 petition in June 2010 and a third Rule 32 petition in October 2013, those petitions (and the subsequent state-court proceedings on those petitions) had no tolling effect under § 2244(d)(2), because the petitions were filed when there was no limitation period remaining to be tolled. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitation period under § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Derring such that the AEDPA's limitation period commenced on some date later than March 8, 2006, or (counting tolling under §2244(d)(2)) expired on some date later than June 20, 2007. There is no evidence that an unlawful state action impeded Derring from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Derring submits no ground for relief with a factual predicate not discoverable earlier through the exercise diligence, *see* § 2244(d)(1)(D).[3] Derring also presents no claim resting on a "right [that] has been newly

---

[3] In seeking to avoid application of § 2244(d)(1)(A), Derring observes that the United States Supreme Court case upon which he largely relies in arguing that his sentence constitutes cruel and unusual punishment, *Miller v. Alabama*, 132 S. Ct. 2455 (2012), was not decided until well after his conviction became final. However, the Supreme Court's decision in *Miller* does not trigger a new statute of limitations under 28 U.S.C. § 2244(d)(1)(B). An appellate court decision in another person's case, even if it changes or clarifies

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Derring argues that his 99-year sentence, which he says is functionally equivalent to life without parole, is unconstitutional under *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* held that a mandatory sentence of life without the possibility of parole for a juvenile violates the Eighth Amendment's prohibition on cruel and unusual punishment. *Id*. at 2460. The Supreme Court recently announced that *Miller* is retroactively applicable to cases on collateral review. *Montgomery v. Louisiana*, 136 S.Ct. 718, 732 (2016). *Miller*, however, is inapplicable to Derring's sentence. By its own terms, *Miller* applies only to mandatory sentences of life without parole imposed on juveniles. Although Derring was a juvenile at the time of his offense, his sentence was not mandatory, nor did it impose life without parole.[4] Therefore, the rule upon which Derring relies—that the "functional equivalent" of life without parole is unconstitutional—is not the rule established in *Miller* and made retroactive in *Montgomery*. Section 2244(d)(1)(C) does not provide the limitation period for Derring's § 2254 petition.

---

the law in the petitioner's favor, does not constitute a new "fact" for purposes of § 2244(d)(1)(B) and commencement of the AEDPA's limitation period. *See Shannon v. Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005); *E.J.R.E. v. United States*, 453 F.3d 1094, 1097–98 (8th Cir. 2006) (construing parallel limitations provision in 28 U.S.C. § 2255(f)(4)).

[4] As support for his claim that he was sentenced to the functional equivalent of life without parole, Derring appears to argue that § 15-22-27.3, Ala. Code 1975, renders him ineligible for parole consideration, because the victim of his sexual offense was a child under the age of 12 and § 15-22-27.3 provides that any person convicted of a sex offense involving a child is ineligible for parole. *See* Doc. No. 17 at 1–3. That statute, however, applies only to qualifying offenses committed on or after October 1, 2005. Derring committed his offense and was convicted and sentenced before the statute's effective date. *See, e.g., Gillis v. State*, 104 So. 3d 281, 289–90 (Ala. Crim. App. 2012) (Joiner, J., dissenting). Consequently, the statute does not render Derring ineligible for parole. The court takes notice that the website for the Alabama Department of Corrections, http://www.doc.state.al.us/InmateSearch.aspx, indicates that Derring has a scheduled parole consideration date of June 1, 2019.

Finally, this court rejects Derring's argument that he is entitled to equitable tolling—and that the untimely filing of his petition should be excused—for the time between when his conviction became final and the Supreme Court's decision in *Miller*. The limitation period may be equitably tolled when a petitioner untimely files because of extraordinary circumstances both beyond his control and unavoidable with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see Holland v. Florida*, 560 U.S. 631, 649 (2010). Judicial decisions where a defendant is a non-party do not constitute extraordinary circumstances to warrant equitable tolling, *see Edwards v. United States*, 2014 WL 5113607, at *3 (M.D. Ala. Sep.29, 2014), and, as noted above, the holding in *Miller* is inapplicable to Derring's sentence. Derring is not entitled to equitable tolling.

Under 28 U.S.C. § 2244(d)(1)(A), the limitation period for Derring to file his § 2254 petition expired June 20, 2007. Because Derring did not file his § 2254 petition until June 16, 2105, his petition is time-barred and his claims are not subject to further review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 16, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE